UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIE CLAUDIUS WATT,<br><br>    Plaintiff,<br><br>v.<br><br>MINNEAPOLIS, MINNESOTA,<br><br>    Defendant. | Civil No. 06-5140 (DSD/JJG)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

**I. BACKGROUND**

Plaintiff commenced this action by filing a complaint, (Docket No. 1), which did not include any allegations of any wrongdoing by the only named Defendant, the City of Minneapolis, Minnesota. The Court found that Plaintiff's complaint failed to state a cause of action on which relief could be granted, and he was informed that if he intended to pursue this action, he would have to file an amended complaint. (See Order dated January 26, 2007; [Docket No. 7].)

Plaintiff recently filed an amended complaint, (Docket No. 9), and that new pleading is presently before the Court. Although Plaintiff's amended complaint is only a slight improvement over his original pleading,[1] it is now possible to gain at least some insight into the nature of his claims against the City of Minneapolis.

This action stems from an incident that occurred on March 27, 1997 – nearly ten years ago. Plaintiff alleges that on that date a woman called 911 from his apartment, and reported that she had been raped. The police allegedly came to Plaintiff's apartment, broke down the door, and placed him under arrest, presumably on a charge of criminal sexual conduct. It appears, however, that Plaintiff was not prosecuted for any crime, and that, at some point, the charges against him were dropped or dismissed.

Plaintiff now contends that he was falsely arrested in March 1997, and that the City of Minneapolis has wrongly maintained a record of his arrest. As far as the Court can tell, Plaintiff is claiming (1) that his constitutional rights were violated, because he was arrested without a warrant, and without probable cause, in March 1997, (2) his constitutional rights were violated, and continue to be violated, because the City of Minneapolis has maintained a record of his 1997 "false arrest," and (3) his reputation has been damaged, and he has been defamed, because the City of Minneapolis has disclosed his arrest record to others, including perspective landlords. Plaintiff is seeking a judgment against the City of Minneapolis in the

---

[1] Plaintiff was advised that he should contact the Volunteer Lawyers Network, and ask that organization to help him find a lawyer to represent him in this matter. Although Plaintiff was strongly encouraged to seek legal assistance before filing an amended complaint, he apparently chose not to follow that recommendation.

amount of $172,000, "to amend life and reclaim life."

## II. DISCUSSION

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

Giving the Plaintiff's amended complaint the benefit of liberal construction, it appears that he is attempting to maintain three causes of action -- (1) a civil rights claim under 42 U.S.C. § 1983, based on his allegedly illegal arrest on March 27, 1997; (2) a § 1983 civil rights claim, based on Defendant's continuing retention of his arrest record; and (3) a defamation action, based on the alleged disclosure of his arrest record to others. However, the Court finds, for the reasons discussed below, that none of these claims can be prosecuted here.

### A. "Illegal arrest" claim

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Furthermore, an actionable civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Clemmons v.

Armontrout, ___ F.3d. ___ (8th Cir. Feb. 12, 2007), 2007 WL 438768 at * 4.  See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (same).  In other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state an actionable civil rights claim against Defendant City of Minneapolis, based on Plaintiff's allegedly illegal arrest in 1997, because there are no factual allegations suggesting that the City itself had any direct involvement in Plaintiff's arrest.  Instead, it appears that Plaintiff is seeking to hold the City vicariously liable for an allegedly illegal arrest performed by some individual City police officer(s).  It is well-settled, however, that municipalities cannot be held vicariously liable, based solely on unconstitutional misdeeds of municipal employees, because the doctrine of respondeat superior is not applicable in § 1983 civil rights cases.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Thus, Plaintiff cannot sue Defendant City of Minneapolis under § 1983 simply because some City police officer(s) allegedly violated his federal constitutional rights by illegally arresting him.

Again, the amended complaint does not include any factual allegations suggesting that the City of Minneapolis itself played any role in the Plaintiff's allegedly illegal arrest.  Therefore,

Plaintiff has failed to state an actionable claim for relief against Defendant based on that arrest.[2]

    B. <u>Retention of arrest record</u>

Plaintiff also seems to be claiming that the City of Minneapolis has violated his federal constitutional rights by continuing to retain a record of his allegedly false arrest in March 1997. However, Plaintiff has not identified any specific constitutional protection on which this claim is predicated. Based on a review of applicable federal case law, the Court finds that Defendant has not violated any provision of the Constitution merely by retaining a record of Plaintiff's arrest.

In <u>Paul v. Davis</u>, 424 U.S. 693 (1976), the Supreme Court considered a case in which the plaintiff's arrest record was not only retained, but actively distributed to the public. The plaintiff in <u>Paul</u> brought a § 1983 action against a municipal employee who distributed the arrest record. He claimed, just as Plaintiff does here, that the charges reflected in the arrest record were false, and that his reputation was damaged by the distribution of his arrest record. The Supreme Court concluded, however, that the distribution of the plaintiff's arrest record did not violate his constitutional rights. The Court specifically rejected the plaintiff's due process claim, holding that "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." 424 U.S. at 712.

---

[2] The Court further notes that any cause of action based on the alleged unconstitutionality of Plaintiff's arrest in March 1997 is clearly time-barred under the six-year statute of limitations that applies to § 1983 claims arising in Minnesota.  See <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615, 618, n. 3 (8th Cir. 1995) (civil rights actions brought in Minnesota are subject to a six-year statute of limitations)

The Court also specifically held that the constitutional right of privacy does not prohibit the publication of "a record of an official act such as an arrest." Id. at 713.

In Hopewell v. Dunker, No. 94-2286 (8th Cir. 1995), 1995 WL 329598 (unpublished opinion), the Eighth Circuit Court of Appeals rejected an equal protection claim, and a substantive due process claim, which were based on an alleged wrongful disclosure of the plaintiff's arrest record. Other federal courts have likewise rejected § 1983 claims based on the allegedly wrongful retention or disclosure of state or local arrest records. See e.g., Herschel v. Dyra, 365 F.2d 17, 20 (7th Cir.) (dismissing § 1983 claim based on allegedly wrongful retention of an arrest record after the underlying charges were dismissed), cert. denied, 385 U.S. 973 (1966); Zessman v. Sessions, No. 93-16485 (9th Cir. 1994), 1994 WL 461545 (unpublished opinion) at * 2 (maintenance of arrest records "does not implicate constitutional concerns").

In sum, the federal Constitution does not prohibit states or municipalities from maintaining arrest records. Therefore, to the extent that Plaintiff is attempting to bring a § 1983 claim against Defendant for retaining a record of his arrest on March 27, 1997, he has failed to state a cause of action on which relief can be granted.[3]

---

[3] It appears that Plaintiff may be able to seek expungement of his arrest record pursuant to Minn.Stat. § 609A.03. Subd. (1) of that statute provides that:

> "An individual who is the subject of a criminal record who is seeking the expungement of the record shall file a petition under this section and pay a filing fee in the amount required under section 357.021, subdivision 2, clause (1). The filing fee may be waived in cases of indigency and shall be waived in the cases described in section 609A.02, subdivision 3."

Needless to say, any action brought under this state statute would have to be brought in state

C. <u>Defamation claim</u>

Finally, to the extent that Plaintiff is attempting to state a defamation claim against Defendant, he has failed to state a claim that can be entertained in federal court. Because a defamation claim is a common law tort claim, which does not involve any issue of <u>federal</u> law, the Court does not have subject matter jurisdiction over such a claim under 28 U.S.C. § 1331, (the "federal question" statute). Nor can federal jurisdiction be invoked under 28 U.S.C. § 1332, (the "diversity of citizenship" statute), because it appears that both Plaintiff and Defendant are Minnesota residents.

Because there are no grounds for exercising federal subject matter jurisdiction over Plaintiff's common law tort claim, and Plaintiff has not successfully pleaded any other claims that could provide federal subject matter jurisdiction in this case, Plaintiff's defamation claim cannot be entertained here in federal court. That claim must be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), which requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[4]

---

court, rather than federal court, and this Court obviously offers no opinion as to what, if any, relief might actually be available to Plaintiff under any Minnesota state law pertaining to arrest records.

[4] Because no actionable federal claim has been pleaded here, it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's defamation claim pursuant to 28 U.S.C. § 1367(c)(3). <u>See</u> <u>Stokes v. Lokken</u>, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); <u>see also</u> <u>Condor Corp. v. City of St. Paul</u>, 912 F.2d 215, 220 (8th Cir. 1990) (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). While Plaintiff remains free to pursue his defamation claim in the state courts, it appears unlikely that the claim would be entertained in the state courts, at least as currently

### III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to state an actionable § 1983 claim against Defendant City of Minneapolis. In addition, Plaintiff's defamation claim against Defendant cannot be entertained in federal court, due to lack of subject matter jurisdiction. Because Plaintiff's amended complaint does not state any cause of action that can properly be brought in federal court, the Court will recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed.

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

Dated: March 13, 2007                     s/Jeanne J. Graham
                                          _____
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by March 30, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under

---

pleaded.

this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.